IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 17-cv-00322-LTB-STV

ANDREW DAVIS, a Colorado resident,

        Plaintiff,
v.

BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES, INC., a foreign corporation,

        Defendants.

___

ORDER
___

This matter is before me on a Motion to Dismiss filed by Defendant BAE Technology Solutions & Services, Inc. ("BAE"), seeking dismissal of the discriminatory retaliation claims filed against it by Plaintiff, Andrew Davis, on the basis that he failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). [Doc #27] Oral arguments would not materially assist me in my determination. After consideration of the parties' arguments, I GRANT the motion and I DISMISS this case.

## I. BACKGROUND

BAE provides services to the Department of Defense. In June 2011, Plaintiff was hired by BAE as a Field Service Representative and a Senior Desk Side Support Analyst to provide IT support. [Doc #26 ¶8] In February of 2013, Plaintiff's co-worker complained to him that she was being sexually harassed by her supervisor. Plaintiff reported the harassment allegation to BAE's human resources

department.  Plaintiff asserts that the victim was subsequently "pressured to recant" and then left BAE.  "When one of BAE's supervisory personnel learned that [Plaintiff] had been the one to report the harassment, she stated that she was going to make his life a 'living hell.'"  [Doc #26 ¶12]   Plaintiff further asserts that despite the fact that he was in a "vital leadership role" and was "excelling at his position," he was laid off a year later in February of 2014.   The reason given for the layoff was budgetary cuts.  [Doc #26 ¶13]

Then, in November of 2015, Plaintiff was recruited for another position working for BAE or a BAE subcontractor.  Plaintiff alleges that he was a perfect match for the position. [Doc #26 ¶14]  He was given an offer letter, which he signed and returned.  Before he started work, however, the recruiter informed him that the offer had been rescinded due to a "personality conflict." [Doc #26 ¶14]  He was subsequently told that the manager at BAE in charge of hiring asked if "he should 'cringe' upon hearing [Plaintiff's] name."  [Doc #26 ¶14]  Plaintiff then filed a charge of discrimination with the EEOC on March 28, 2016.  [Doc #26 ¶16]  BAE, in response to the charge, claimed that the job offer was rescinded not because of a personality conflict, but because Plaintiff lacked experience with computer servers.  Plaintiff alleges that this reason is "patently false" because he actually has extensive experience with servers, including "significant amounts of server work for BAE."  [Doc #26 ¶16]  Plaintiff's First Amended Complaint concludes, in summary, that "BAE's demonstrably false justifications for not re-hiring [him], coupled with its explicit threat to make his life 'a living hell' for reporting sexual harassment,

2

demonstrates that it refused to rehire him in order to retaliate for his reporting of sexual harassment." [Doc #26 ¶17]

Plaintiff brings two claims against BAE. He claims that BAE retaliated against him for reporting, opposing and for participating in activities designed to remedy sexual harassment in violation of: 1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; and 2) the Colorado Anti-Discrimination Act, Colo. Rev. Stat. §24-34-301 *et seq.* [Doc #26]

## II. APPLICABLE LAW

In this motion, BAE asserts that Plaintiff's retaliation claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) allows a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted." When deciding a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

A complaint will survive dismissal under Rule 12(b)(6) if it alleges a plausible claim for relief – that is, if the "[f]actual allegations [are] enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of

3

a cause of action, which the Court stated will not do." *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012)(quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. Rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, L.L.C. v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009)(citing *Robbins v. Oklahoma, supra*, 519 F.3d at 1247).

While the Rule 12(b)(6) standard does not require that the plaintiff establish a *prima facie* case in his or her complaint, the elements of each alleged cause of action help to determine whether the plaintiff has set forth a plausible claim under the applicable law. *Khalik v. United, supra,* 671 F.3d at 1192 (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002); *Bell Atlantic v. Twombly, supra*, 550 U.S. at 570). A *prima facie* case of retaliation requires a plaintiff to show that: (1) he or she engaged in protected activity; (2) the defendant took an adverse employment action against him or her; and (3) there exists a causal connection between the protected activity and the adverse action. *Annett v. Univ. of Kansas*, 371 F.3d 1233, 1237 (10th Cir. 2004); *see also Molla v. Colorado Serum Co.*, 929 P.2d 1, 3 (Colo. App. 1996).

### III. MOTION TO DISMISS

A claim of retaliation must be grounded in a distinct allegation of a specific unlawful employment practice. "Discrete acts such as termination, failure to

4

promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S.Ct. 2061,153 L.Ed.2d 106 (2002).

A. **February 2014 Lay-Off**

In this motion, BAE first asserts that to the extent that Plaintiff contends that the act of laying him off in February of 2013 was an adverse employment action, such claim is untimely – in that Plaintiff failed to file an EEOC charge within 300 days of the lay off, as required by 42 U.S.C. §2000e-5(e)(1), or six months for the Colorado claim, as required by Colo. Rev. Stat. §24-34-403 – and, thus, Plaintiff has failed to exhaust his administrative remedies on such claim. *See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003)(ruling that a plaintiff must "exhaust administrative remedies for each individual discriminatory or retaliatory act.") In his response to the motion, Plaintiff concedes that he is not bringing a claim of retaliation based on BAE's act of laying him off in February of 2014. Rather, his claim for retaliation is solely based on BAE's (or its subcontractor's) failure to rehire him. Therefore, it is undisputed that Plaintiff's claim for retaliation by BAE is based solely on its act of rescinding its offer of employment in November of 2016.

B. **November 2016 Rescinded Offer of Employment**

With regard to BAE's act in rescinding its offer of employment to Plaintiff, BAE contends even when his facts are viewed in the light most favorable to him,

they are insufficient to support an inference of causation in order to state a plausible claim for retaliation. To establish case of retaliation, a plaintiff must show, among other things, that there exists a causal connection between the protected activity and the adverse employment action. *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014). And in order to establish a causal connection, a plaintiff must present evidence of circumstances that justify an inference of retaliatory motive. *Id.*

A causal connection may be established by proffering evidence of protected conduct closely followed in time by adverse action. *Id.* (noting that if the protected conduct is closely followed by the adverse action, courts have often inferred a causal connection). When the temporal proximity is too long for a fact-finder to infer causation, a plaintiff may use additional evidence to establish causation. *Id.* (citing *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999)). The Supreme Court has likened this burden to a showing of "but-for causation." *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1191 (10th Cir. 2016)(citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar,* ___ U.S. ___, 133 S.Ct. 2517, 2533, 186 L.Ed.2d 503 (2013)). The evidence of but-for causation "must be based on more than mere speculation, conjecture, or surmise." *Ward v. Jewell, supra,* 772 F.3d at 1203 (quoting *Bones v. Honeywell Int'l Inc.*, 366 F.3d 869, 875 (10th Cir. 2004)).

Both parties agree that the 33-month/three-year time period between the protected activity (when Plaintiff reported the alleged sexual harassment to BAE in February 2013) and the adverse employment action (when Plaintiff's offer of

6

employment was rescinded in November 2016) is clearly too attenuated to infer causation and to state a plausible claim for retaliation based on temporal proximity alone. *See generally Burrus v. United Tel. Co. of Kansas*, 683 F.2d 339, 343 (10th Cir. 1982)(ruling that the plaintiff's termination, almost three years after she filed her initial charge of gender discrimination, when her whole department was justifiably terminated, failed to establish causation); *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007)("[f]our months is too large a time gap to establish a causal connection"); *Anderson v. Coors, supra*, 181 F.3d at 1179 (stating that a three-month period, standing alone, was too long for a fact-finder to infer causation).

Plaintiff argues, however, that he has alleged additional evidence that, when accepted as true, is sufficient to infer causation and state a plausible claim of retaliation. Plaintiff points to the following evidence: 1) after he reported the sexual harassment of his co-worker, "supervisory personnel" learned that he had been the one to report and stated that she was going to make his life a "living hell" [Doc #26 ¶12]; 2) a year later, in February of 2014, Plaintiff was laid off despite the fact that he was in a "vital leadership role" and was "excelling at his position;" and 3) in November of 2016, after BAE's subcontractor rescinded his offer of employment, Plaintiff learned that the BAE manager in charge of hiring asked if "he should 'cringe' upon hearing [Plaintiff's] name" and he was told, by the recruiter, that the offer was rescinded due to a "personality conflict." [Doc #26 ¶14] Plaintiff also argues that he has alleged facts that BAE's reason for rescinding the

7

offer is pretextual. Specifically, he argues that BAE's claim that he could not be rehired due to a "personality conflict" was false – as he had no other such conflicts at BAE (except the supervisor's claim that she would make his life a "living hell") and he received three letters of recommendation from separate supervisors – and BAE changed its reason for rescinding the offer from a "personality conflict," to the false claim that he had no experience working with servers. [Doc #37]

I agree with BAE, however, that Plaintiff has failed to state a plausible claim of retaliation for BAE's action in rescinding the job offer, in that his complaint fails to state factual allegations sufficient to support a plausible inference that this act was casually connected to his report of sexual harassment. As an initial matter, I note that the law is clear that a time period of over three years cuts against an inference of causation. Such a long lapse of time between the protected activity and the adverse employment action does not support, and in fact negates, an inference of causation. *See Conroy v. Vilsack*, 707 F.3d 1163, 1182 (10th Cir. 2013)(noting that a causal inference "diminishes over time because we may reasonably expect, as a matter of common sense, that the embers of anger or resentment that may have been inflamed by the employee's protected activity – emotions that would underlie any retaliatory adverse action – would cool over time"). Furthermore, this is not a case that presents unique circumstances that would explain the passage of time without continuing friction or animus. *See e.g. Wells v. Colorado Department of Transportation*, 325 F.3d 1205, 1217 (10th Cir. 2003)(ruling that a five-month gap between a protected activity and an adverse

action would ordinarily be too great a time lapse to support an inference of causation based on timing alone, but the "unique circumstances . . . of the case warranted a divergence from the general rule of close temporal proximity" in where the plaintiff: (1) filed a charge; (2) went on leave; (3) returned five months later; and (4) was promptly transferred to a demeaning job); *Bowers v. Bethany Med. Ctr.*, 959 F.Supp. 1385, 1393 (D. Kan. 1997)(finding temporal causation when adverse action taken at first available opportunity following protected activity after the plaintiff returned from seventeen-month disability leave).

Plaintiff's "additional evidence" is likewise insufficient to state a claim of causal connection. Plaintiff's only allegation that evidences a retaliatory motive is his claim that a BAE supervisor, in response to learning that he reported the alleged sexual harassment, vowed at the time to make his life a "living hell." This statement was made near the time of the report, but then is followed by no allegations of continuing friction or retaliatory follow-up. *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202-3 (10th Cir. 2008)(ruling that acts beginning pattern of retaliation must share close temporal proximity with protected activity). And although Plaintiff contends that his layoff a year later was "under suspicious circumstances," his only factual allegation supporting this conclusion is that although he was told it was for budgetary reasons, he was performing well at the time. Such assertion is conclusory, speculative, and does not lead to any inference of retaliatory motive. These two actions, even when taken as true, do not constitute sufficient factual allegations to raise or infer a plausible claim of

9

retaliation because they do not reveal a causal connection when viewed alone, together in context, or as a pattern of retaliation. *See Meiners v. Univ. of Kansas*, 239 F. Supp. 2d 1175, 1194 (D. Kan. 2002), *aff'd*, 359 F.3d 1222 (10th Cir. 2004)(ruling that an isolated decision does not evidence a pattern of retaliatory conduct); *Steele v. Kroenke Sports Enters., L.L.C.*, 264 F. App'x 735, 746 (10th Cir. 2008)(unpublished)(ruling that "a pattern of adverse personnel actions *over a period of weeks or months* may demonstrate an employer's retaliatory animus")(emphasis added); *Dunn v. Shinseki*, 71 F.Supp.3d 1188, 1193 (D. Colo. 2014)(indicating that a pattern of retaliation analysis "considers the facts collectively to determine whether a pattern exists . . . [and] considering the timeline as a whole is precisely what would establish a pattern.")

Finally, I address Plaintiff's claim of additional evidence related to his allegation that BAE's proffered reason for rescinding his offer of employment is pretextual. Specifically, Plaintiff has alleged he was informed that the job offer from BAE (or its subcontractor) was rescinded due to a "personality conflict" and was told that the manager at BAE in charge of hiring asked if "he should 'cringe' upon hearing [Plaintiff's] name." However, after Plaintiff filed his EEOC charge, BAE claimed that the job offer was rescinded because he lacked experience with computer servers. He alleges that this reason is "patently false" because he actually has extensive experience with servers, including "significant amounts of server work for BAE." [Doc #26]

10

The Tenth Circuit has considered evidence of pretext when analyzing the causation element of a *prima facie* case of retaliation under Title VII. *See Proctor v. United Parcel, supra*, 502 F.3d at 1209 (citing *Wells v. Colo. Dep't of Transp., supra*, 325 F.3d at 1218). Evidence of pretext is relevant in that "once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision." *Wells v. Colorado Dep't of Transp., supra*, 325 F.3d at 1218 (quoting *Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)(ADA case)).

Plaintiff's allegations of pretext, even when assumed to be true and viewed in his favor, also do not sufficiently support an inference of causal connection revealing BAE's desire to retaliate against him for reporting sexual harassment. When stripped of conclusory statements, Plaintiff's facts of pretext are that a BAE manager apparently asked others about his personality and the recruiter told him the offer was rescinded because of a personality conflict. BAE's reason for rescinding offer, as opposed to that given by the recruiter, was that Plaintiff lacked experience with servers, which Plaintiff contests. I conclude that such evidence is only minimally probative of pretext, and does not support a inference of retaliatory motive behind Plaintiff's act in reporting his co-worker's allegation of sexual harassment several years earlier. The factual allegations supporting a claim of pretext here are insufficient to infer a casual connection, even when assumed to be

true, based on BAE's false reason for its actions in order to "conceal its retaliatory motive." *Wells v. Colorado Dep't of Transp., supra*, 325 F.3d at 1218.

Therefore, I conclude that Plaintiff's factual allegations are not enough to raise a right to relief above the speculative level in that they are insufficient to support an inference of retaliatory motive or of causation. Plaintiff's Amended Complaint, even when the facts alleged are viewed in his favor, fails to draw a plausible requisite causal link between the protected activity and the adverse action. *See Semsroth v. City of Wichita*, 548 F.Supp.2d 1203, 1211 (D. Kan. 2008), *aff'd* 555 F.3d 1182 (10th Cir. 2009)(noting that in order "[t]o establish a sufficient causal connection, [the] plaintiff must show that [the] defendant was motivated to commit the challenged conduct by a desire to retaliate against her protected activity").

Finally, I note that because Colorado and federal law apply the same standards to discrimination claims, they rise or fall together. Therefore, Plaintiff's claim of retaliation under the Colorado Anti-Discrimination Act, Colo. Rev. Stat. §24-34-301 *et seq.*, likewise fails to state a claim upon which relief can be granted. *Johnson v. Weld Cty.,* 594 F.3d 1202, 1219 (10th Cir. 2010)(citing *Colo. Civil Rights Comm'n v. Big O Tires, Inc.*, 940 P.2d 397, 400 (Colo. 1997)); *see also Agassounon v. Jeppesen Sanderson, Inc.*, 688 F. App'x 507, 509 (10th Cir. 2017)(unpublished).

## IV. CONVERSION TO SUMMARY JUDGMENT

As a final matter, Plaintiff contends that BAE is seeking to have this motion

converted to a motion for summary judgment because it asks that I consider matters outside of his Amended Complaint when ruling on this motion. Specifically, Plaintiff contends that BAE improperly relies on documents outside of the pleadings, most notably Plaintiff's Charge of Discrimination.

First, I note that Plaintiff's EEOC Charge is, in fact, referenced in the Amended Complaint and is clearly "central" to the allegations raised here. *See County of Santa Fe v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1035 (10th Cir. 2002)(ruling that a court may review documents referred to in a complaint on a Rule 12(b)(6) motion, without converting the motion to one for summery judgment, if the document is central to the plaintiff's claim and the parties do not dispute the authenticity of the documents.)

Nonetheless, I have not considered the substance of Plaintiff's Charge of Discrimination or BAE's responsive position statement – beyond what is alleged in Plaintiff's Amended Complaint – when ruling on this motion. I likewise have not considered or relied upon the outside documents provided by Plaintiff and attached to his Response. [Doc #37] Instead, I have considered and ruled upon this motion under the Motion to Dismiss standard, pursuant to Rule 12(b)(6). *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)(ruling that the court's "'function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted"); *see also*

*Ellison v. Roosevelt Cty. Bd. of Cty. Commissioners*, 2017 WL 2963382 (10th Cir. July 12, 2017)(unpublished).


ACCORDINGLY, for the reasons stated, I GRANT the Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and I DISMISS WITH PREJUDICE this case. Costs are AWARDED in favor of Defendant and against Plaintiff.


Dated: October __12__ , 2017, in Denver, Colorado.


BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE